## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **MESSAGELOUD, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  2:25-CV-486** |
| **SAMSUNG ELECTRONICS CO., LTD.,** | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff MessageLoud, Inc. ("Plaintiff" or "MessageLoud"), complains against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., as follows:

## NATURE OF THE CASE

2.    This is an action for patent infringement arising under the patent laws of the United States, MessageLoud holds the rights in U.S. Patent Nos. 9,591,117 (the "'117 Patent"), 10,110,725 (the "'725 Patent"), 10,277,728 (the "'728 Patent"), 10,516,775 (the "'775 Patent"), and 11,316,964 (the "'964 Patent").  The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent.  Under 35 U.S.C. § 282(a), the '117, '725, '728, '775, and '964 patents are entitled to a presumption of validity.  MessageLoud is suing Defendants for infringing its patents and doing so willfully. MessageLoud seeks to recover damages from Defendants, including treble damages for willful infringement.

3.    Collectively, the '117, '725, '728, '775, and '964 patents are referred to as the

"Patents-in-Suit."

## THE PARTIES

4.      Plaintiff MessageLoud, Inc. ("MessageLoud") is a Delaware limited liability company with its principal place of business in Tenafly, New Jersey.

5.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

6.      On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung USA") (collectively with Samsung Electronics, "Samsung") is a corporation organized and existing under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung USA may be served through its registered agent for service of process, CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8.      This Court has personal jurisdiction over Samsung Electronics and Samsung USA because each defendant has committed acts within Texas and this judicial district giving rise to this action and/or has established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9.      On information and belief, each defendant conducts substantial business in this forum, including (a) engaging in the infringing conduct alleged herein in Texas and in this judicial

district; (b) regularly and consistently doing and soliciting business; (c) engaging in other persistent courses of conduct such as providing customer service and warranty repairs in connection with its business operations in Texas and in this judicial district; (d) deriving substantial revenue by its offering of infringing products and services and providing infringing goods to consumers in Texas and in this judicial district; and (e) purposefully establishing substantial, systematic, and continuous contacts with the state of Texas and with this District such that it should reasonably expect to be subject to suit here in this judicial district.

10.     In the alternative, Fed. R. Civ. P. 4(k)(1)(A) confers personal jurisdiction over each defendant because, upon information and belief, each defendant regularly conducts, transacts, and/or solicits business in Texas and in this judicial district; derives substantial revenue from its business transactions in Texas and in this judicial district; and otherwise avails itself of the privileges and protection of the laws of the State of Texas such that this Court's assertion of jurisdiction over it does not offend traditional notions of fair play and due process.

11.     On information and belief, each defendant's unlawful infringing actions have caused and will continue to cause injury to MessageLoud in Texas and in this judicial district such that the defendant should reasonably expect such actions to have consequences in Texas and in this judicial district.

12.     This Court has personal jurisdiction over Samsung Electronics and Samsung USA because, directly or through intermediaries, each has committed acts and continues to commit acts of patent infringement in the state of Texas and within this judicial district, including making, using, offering to sell and/or selling the Accused Instrumentalities in Texas, importing the Accused Instrumentalities into Texas, and/or inducing others to commit acts of patent infringement in Texas.

13.     For example, Samsung USA maintains regular and established offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, Texas 75023.

14.     Further, on information and belief, Samsung Electronics directs and controls the actions of Samsung USA such that it, too, maintains regular and established offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, Texas 75023.

15.     Defendants' Plano office is referred to as Defendants' "Mobile Innovation hub."[1] Samsung has described this 216,000 square foot "flagship" Plano office, with over 1,000 employees, as part of its "longstanding and growing commitment to Texas."[2]

16.     In addition, Samsung Electronics and Samsung USA have placed or contributed to placing infringing products (including the Accused Instrumentalities) into the stream of commerce via an established distribution channel knowing, understanding, or intending that such products would be sold and used in the United States, including in the Eastern District of Texas.

17.     On information and belief, Samsung Electronics and Samsung USA each also has derived substantial revenues from infringing acts in the Eastern District of Texas, including from the sale and use of infringing products and the Accused Instrumentalities.

18.     Venue is proper as to Samsung Electronics because, *inter alia*, pursuant to 28 U.S.C. § 1391(b)-(c) and/or 28 U.S.C. § 1400(b), Samsung Electronics is not resident in the United States and thus may be sued in any judicial district, including this one.

19.     In particular, Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea. Venue is proper against Samsung Electronics pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation.

---

[1]     https://www.samsung.com/us/careers/life-at-samsung (last accessed April 28, 2025).

[2]     https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus (last accessed April 28, 2025).

*In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

20.     Venue is proper as to Samsung USA because, *inter alia*, pursuant to 28 U.S.C. § 1400(b), Samsung USA has committed acts of infringement in this District and has maintained regular and established places of business in this District including at least at 6625 Excellence Way, Plano, Texas 75023. *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017).

21.     Defendants have not disputed this Court's personal jurisdiction over them in other recent patent-infringement actions. *See, e.g.*, Defendants' Answer ¶ 14, *Illumidine, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:24-cv-00199 (E.D. Tex. Jul. 15, 2024), ECF No. 13.

22.     Defendants have not contested that venue properly lies in this District in other recent patent-infringement actions against them. *See, e.g.*, Samsung Defendants' Answer ¶ 18, *Illumidine*, No. 2:24-cv-00199, ECF No. 13.

## PATENTS-IN-SUIT

23.     MessageLoud is the assignee of all substantial rights granted in United States Patent No. 9,591,117 (the "'117 Patent"), titled "Method and System For Communication," a true and correct copy of which is attached as **Exhibit A**.

24.     MessageLoud is the assignee of all substantial rights granted in United States Patent No. 10,110,725 (the "'725 Patent"), titled "Method and System For Communication," a true and correct copy of which is attached as **Exhibit B**.

25.     MessageLoud is the assignee of all substantial rights granted in United States Patent No. 10,277,728 (the "'728 Patent"), titled "Method and System For Communication," a true and correct copy of which is attached as **Exhibit C**.

26.     MessageLoud is the assignee of all substantial rights granted in United States Patent No. 10,516,775 (the "'775 Patent"), entitled "Method and System For Communication," a true and

correct copy of which is attached as **Exhibit D**.

27.     MessageLoud is the assignee of all substantial rights granted in United States Patent No. 11,316,964 (the "'964 Patent"), entitled "Method and System For Communication," a true and correct copy of which is attached as **Exhibit E**.

28.     MessageLoud, founded in 2013 by Garin Toren, emerged as a pioneering force in the realm of messaging software solutions, addressing the critical intersection of smartphone usage and driving safety. The company's inception stemmed from Toren's personal experience as a new car owner and father, recognizing the inherent conflict between the immediate demands of smartphone notifications and the necessity of attentive driving. At a time when texting-and-driving laws were nonexistent in the United States and in-car message reading capabilities were limited to rudimentary text-to-speech functions for standard messages, MessageLoud introduced an innovative application designed to automatically read aloud messages and emails in over 100 languages.

29.     The technologies of the Patents-in-Suit were invented by Garin Toren and generally cover methods and systems for delivering and reading out loud text messages, emails, and/or messages from a messenger application to a user without any user input. These technologies are especially helpful in situations where the user is engaged in an activity, such as driving, exercising, or working. In driving mode, for example, while the user is driving, the user can hear announcements and messages/emails aloud without looking at the screen of the phone, and use gestures to operate the phone.

30.     Samsung makes, uses, offers to sell, sells and/or imports into the United States products and/or systems that infringe the Patents-in-Suit.

31.     Samsung has been on notice of the Patents-in-Suit and Samsung's infringement of

the Patents-in-Suit by the Accused Instrumentalities since, at least, April 4, 2024.

32.    Samsung is not licensed to the Patents-in-Suit and its infringement of the Patents-in-Suit is willful and deliberate since at least the date of the Complaint.

## COUNT 1
### (Infringement of the '117 Patent)

33.    MessageLoud repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

34.    On March 7, 2017, the United States Patent and Trademark Office duly and legally issued the '117 Patent entitled "Method and System for Communication."

35.    MessageLoud is the owner of all rights, title, and interest in and to the '117 Patent, including the right to assert all causes of action arising under the '117 Patent and the right to any remedies for the past, current, and future infringement of the '117 Patent.

36.    Samsung is not licensed under the '117 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '117 Patent whatsoever.

37.    Claim 1 of the '117 Patent recites:

1. A computer implemented method to be carried out with a processor, a memory, and a touch screen, comprising:

a) determining without any input by a user that a text message, a message from a messenger application, or an email has arrived, wherein the user receives at least two or more different types of messages selected from the group consisting the text message, the email, and the message from the messenger application;

b) analyzing without any input by the user a content of the text message, the message from the messenger application, or the email;

c) placing the email, the message from the messenger application, or the text message in a single queue to be read aloud in order of receipt time regardless of message type, wherein emails, messages from the messenger application, and text messages are read aloud one after another regardless of whether a next message in the queue is a new text message, a new message from the messenger application, or a new email;

d) informing the user without any input by the user that the text message, the message from the messenger application, or the email has arrived from a sender by reading at least aloud identity of the sender;

e) allowing the user time to take an affirmative action to stop reading a body of the text message, the message from the messenger application, or the email aloud to the user, wherein the affirmative action is limited to a memorized gesture performed on the touch screen; and

f) in accordance with not receiving an input corresponding to the affirmative action from the user, reading aloud the body of the text message, the message from the messenger application, or the email, and in case of the email, further reading aloud a subject of the email;

wherein if the user is engaged in driving a vehicle, the screen does not display any portion of the email, the text message, or the message from the messenger application.

38.    Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '117 Patent in violation of 35 U.S.C. § 271(a) because Samsung makes, uses, offers for sale, sells, and/or imports certain products, including within this District, that perform the above method.

39.    These products include all Samsung products that support or enable features that read notifications aloud without user input, including the following devices: Galaxy S10e, Galaxy S10, Galaxy S10+, Galaxy S10 5G, Galaxy S10 Lite, Galaxy S20 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S20 FE 5G, Galaxy S21 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S21 FE 5G, Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy S23 FE, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy S24 FE, Galaxy S25, Galaxy S25+, Galaxy S25 Ultra, Galaxy Fold, Galaxy Z Flip / Z Flip 5G, Galaxy Z Fold2 5G, Galaxy Z Flip3 5G, Galaxy Z Fold3 5G, Galaxy Z Flip4, Galaxy Z Fold4, Galaxy Z Flip5, Galaxy Z Fold5, Galaxy Z Flip6, Galaxy Z Fold6, Galaxy Note10, Galaxy Note10+ / Note10+ 5G, Galaxy Note20 5G, Galaxy Note20 Ultra 5G, Galaxy A10e, Galaxy A20, Galaxy A30, Galaxy A50, Galaxy A70, Galaxy A01, Galaxy A11, Galaxy A21, Galaxy A31, Galaxy A51 / A51 5G UW,

Galaxy A71 5G UW, Galaxy A02s, Galaxy A12, Galaxy A22, Galaxy A32 5G, Galaxy A42 5G, Galaxy A52 5G, Galaxy A72, Galaxy A03s, Galaxy A13 / A13 5G, Galaxy A23 5G, Galaxy A33, Galaxy A53 5G, Galaxy A73, Galaxy A14 5G, Galaxy A23 5G, Galaxy A24, Galaxy A34, Galaxy A54 5G, Galaxy A74, Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy A55, Galaxy A75, Galaxy A16 5G, Galaxy A26 5G, Galaxy A36 5G, Galaxy A56, Galaxy A76, Galaxy XCover Pro, Galaxy XCover6 Pro, Galaxy Tab S5e, Galaxy Tab S6, Galaxy Tab S6 Lite, Galaxy Tab S7, Galaxy Tab S7+, Galaxy Tab S7 FE, Galaxy Tab S8, Galaxy Tab S8+, Galaxy Tab S8 Ultra, Galaxy Tab S9, Galaxy Tab S9+, Galaxy Tab S9 Ultra, Galaxy Tab S9 FE, Galaxy Tab S9 FE+, Galaxy Tab S10 FE, Galaxy Tab S10 FE+, Galaxy Tab S10, Galaxy Tab S10+, Galaxy Tab S10 Ultra, Galaxy Tab A 8.0 (2019), Galaxy Tab A 10.1 (2019), Galaxy Tab A 8.4 (2020), Galaxy Tab A7 10.4 (2020), Galaxy Tab A7 Lite, Galaxy Tab A8 10.5, Galaxy Tab A9, Galaxy Tab A9+, Galaxy Tab A9+ Kids Edition, Galaxy Tab A10, Galaxy Tab Active Pro, Galaxy Tab Active3, and Galaxy Tab Active5, when such devices are used or paired with "Galaxy Buds" headphones or earbuds, or in-vehicle devices configured with Android Auto (the "Accused Instrumentalities").

40.    Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

41.    The Accused Instrumentalities satisfy all claim limitations of one or more of the claims of the '117 Patent, including at least claim 1, as shown in **Exhibit F**.

42.    Samsung has received notice and has had actual or constructive knowledge of the '117 Patent and the infringing nature of the Accused Instrumentalities since at least the service of this Complaint.

43.    Since having notice of the '117 Patent, through its actions, Samsung has indirectly infringed and continues to indirectly infringe the '117 Patent in violation of 35 U.S.C. § 271(b).

Samsung has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users of the Accused Instrumentalities to directly infringe the '117 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Instrumentalities, and creating, disseminating, advertising, and promoting the use of the Accused Instrumentalities through software updates, promotional and marketing materials, product descriptions, supporting materials, operating manuals, technical information, and other instructions on how to implement and configure the Accused Instrumentalities with knowledge and the specific intent that its efforts will result in the direct infringement of the '117 Patent.

44.    Samsung engages in the aforementioned actions knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '117 Patent, thereby specifically intending for and inducing its customers to infringe the '117 Patent through the customers' normal and customary use of the Accused Instrumentalities.

45.    In addition, Samsung has indirectly infringed and continues to indirectly infringe the '117 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities, and advertising and/or pushing software updates for the Accused Instrumentalities, with knowledge that the Accused Instrumentalities and software updates thereto are especially designed or adapted to operate in a manner that infringes the '117 Patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

46.    For example, Samsung is aware that the technology described above included in the Accused Instrumentalities enables the product to operate as described above and that such

functionality infringes the '117 Patent, including claim 1. Samsung continues to sell and offer to sell these products in the United States after receiving notice of the '117 Patent and how the products' functionality infringe that patent.

47.     The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '117 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

48.     On information and belief, Samsung's infringement of the '117 Patent is and has been willful and deliberate.

49.     MessageLoud has suffered damages as a result of Samsung's direct and/or indirect infringement of the '117 Patent in an amount adequate to compensate for Samsung' infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

**COUNT 2**
(Infringement of the '725 Patent)

50.     MessageLoud repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

51.     On October 23, 2018, the United States Patent and Trademark Office duly and legally issued the '725 Patent entitled "Method and System for Communication."

52.     MessageLoud is the owner of all rights, title, and interest in and to the '725 Patent, including the right to assert all causes of action arising under the '725 Patent and the right to any remedies for the past, current, and future infringement of the '725 Patent.

53.     Samsung is not licensed under the '725 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '725 Patent whatsoever.

54.     Claim 1 of the '725 Patent recites:

1. A computer implemented method to be carried out with a processor, a memory, and a touch screen, comprising:

a) determining without any input by a user that two or more different types of messages selected from the group consisting of a text message, an email, and a message from the messenger application have been received;

b) analyzing without any input by the user a content of the received text message, message from the messenger application, or email;

c) placing the received email, message from the messenger application, or text message in a single queue to be read aloud in order of receipt time regardless of message type, wherein emails, messages from the messenger application, and text messages are read aloud one after another regardless of whether a next message in the queue is a new text message, a new message from the messenger application, or a new email;

d) informing the user without any input by the user that the received text message, message from the messenger application, or email has been received from a sender by reading aloud at least an identity of the sender;

e) allowing the user a time to take an affirmative action to stop reading a body of the received text message, message from the messenger application, or email aloud to the user, wherein the affirmative action is limited to a gesture performed on the touch screen; and

f) based on not receiving an input corresponding to the affirmative action from the user, reading aloud the body of the received text message, message from the messenger application, or email.

55.     Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '725 Patent in violation of 35 U.S.C. § 271(a) because Samsung makes, uses, offers for sale, sells, and/or imports certain products, including within this District, that perform the above method, including the Accused Instrumentalities.

56.     Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

57.     The Accused Instrumentalities satisfy all claim limitations of one or more of the

claims of the '725 Patent, including at least claim 1, as shown in **Exhibit G**.

58.    Samsung has received notice and has had actual or constructive knowledge of the '725 Patent and the infringing nature of the Accused Instrumentalities since at least the service of this Complaint.

59.    Since having notice of the '725 Patent, through its actions, Samsung has indirectly infringed and continues to indirectly infringe the '725 Patent in violation of 35 U.S.C. § 271(b). Samsung has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users of the Accused Instrumentalities to directly infringe the '725 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Instrumentalities, and creating, disseminating, advertising, and promoting the use of the Accused Instrumentalities through software updates, promotional and marketing materials, product descriptions, supporting materials, operating manuals, technical information, and other instructions on how to implement and configure the Accused Instrumentalities with knowledge and the specific intent that its efforts will result in the direct infringement of the '725 Patent.

60.    Samsung engages in the aforementioned actions knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '725 Patent, thereby specifically intending for and inducing its customers to infringe the '725 Patent through the customers' normal and customary use of the Accused Instrumentalities.

61.    In addition, Samsung has indirectly infringed and continues to indirectly infringe the '725 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities, and advertising and/or pushing

software updates for the Accused Instrumentalities, with knowledge that the Accused Instrumentalities and software updates thereto are especially designed or adapted to operate in a manner that infringes the '725 Patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

62.     For example, Samsung is aware that the technology described above included in the Accused Instrumentalities enables the product to operate as described above and that such functionality infringes the '725 Patent, including claim 1. Samsung continues to sell and offer to sell these products in the United States after receiving notice of the '725 Patent and how the products' functionality infringe that patent.

63.     The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '725 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

64.     On information and belief, Samsung's infringement of the '725 Patent is and has been willful and deliberate.

65.     MessageLoud has suffered damages as a result of Samsung's direct and/or indirect infringement of the '725 Patent in an amount adequate to compensate for Samsung' infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT 3
(Infringement of the '728 Patent)

66.     MessageLoud repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

67.     On April 30, 2019, the United States Patent and Trademark Office duly and legally

issued the '728 Patent entitled "Method and System for Communication."

68.     MessageLoud is the owner of all rights, title, and interest in and to the '728 Patent, including the right to assert all causes of action arising under the '728 Patent and the right to any remedies for the past, current, and future infringement of the '728 Patent.

69.     Samsung is not licensed under the '728 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '728 Patent whatsoever.

70.     Claim 1 of the '728 Patent recites:

1. A computer implemented method to be carried out with a processor, a memory, and a touch screen, comprising:

a) determining without any input by a user that two or more different types of messages selected from the group consisting of a text message, an email, and a message from a messenger application have been received;

b) analyzing without any input by the user a content of the received text message, message from the messenger application, or email;

c) placing the received email, message from the messenger application, or text message in a single queue to be read aloud in order of receipt time regardless of message type, wherein emails, messages from the messenger application, and text messages are read aloud one after another regardless of whether a next message in the queue is a new text message, a new message from the messenger application, or a new email;

d) informing the user without any input by the user that the received text message, message from the messenger application, or email has been received from a sender by reading aloud at least an identity of the sender;

e) allowing the user a time to take an affirmative action to stop reading a body of the received text message, message from the messenger application, or email aloud to the user; and

f) based on not receiving an input corresponding to the affirmative action from the user, reading aloud the body of the received text message, message from the messenger application, or email.

71.     Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '728 Patent

in violation of 35 U.S.C. § 271(a) because Samsung makes, uses, offers for sale, sells, and/or imports certain products, including within this District, that perform the above method, including the Accused Instrumentalities.

72.    Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

73.    The Accused Instrumentalities satisfy all claim limitations of one or more of the claims of the '728 Patent, including at least claim 1, as shown in **Exhibit H**.

74.    Samsung has received notice and has had actual or constructive knowledge of the '728 Patent and the infringing nature of the Accused Instrumentalities since at least the service of this Complaint.

75.    Since having notice of the '728 Patent, through its actions, Samsung has indirectly infringed and continues to indirectly infringe the '728 Patent in violation of 35 U.S.C. § 271(b). Samsung has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users of the Accused Instrumentalities to directly infringe the '728 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Instrumentalities, and creating, disseminating, advertising, and promoting the use of the Accused Instrumentalities through software updates, promotional and marketing materials, product descriptions, supporting materials, operating manuals, technical information, and other instructions on how to implement and configure the Accused Instrumentalities with knowledge and the specific intent that its efforts will result in the direct infringement of the '728 Patent.

76.    Samsung engages in the aforementioned actions knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use,

offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '728 Patent, thereby specifically intending for and inducing its customers to infringe the '728 Patent through the customers' normal and customary use of the Accused Instrumentalities.

77.    In addition, Samsung has indirectly infringed and continues to indirectly infringe the '728 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities, and advertising and/or pushing software updates for the Accused Instrumentalities, with knowledge that the Accused Instrumentalities and software updates thereto are especially designed or adapted to operate in a manner that infringes the '728 Patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

78.    For example, Samsung is aware that the technology described above included in the Accused Instrumentalities enables the product to operate as described above and that such functionality infringes the '728 Patent, including claim 1. Samsung continues to sell and offer to sell these products in the United States after receiving notice of the '728 Patent and how the products' functionality infringe that patent.

79.    The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '728 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

80.    On information and belief, Samsung's infringement of the '728 Patent is and has been willful and deliberate.

81.    MessageLoud has suffered damages as a result of Samsung's direct and/or indirect infringement of the '728 Patent in an amount adequate to compensate for Samsung' infringement,

but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT 4
### (Infringement of the '775 Patent)

82.    MessageLoud repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

83.    On December 24, 2019, the United States Patent and Trademark Office duly and legally issued the '775 Patent entitled "Method and System for Communication."

84.    MessageLoud is the owner of all rights, title, and interest in and to the '775 Patent, including the right to assert all causes of action arising under the '775 Patent and the right to any remedies for the past, current, and future infringement of the '775 Patent.

85.    Samsung is not licensed under the '775 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '775 Patent whatsoever.

86.    Claim 1 of the '775 Patent recites:

1. A computer implemented method to be carried out with a processor, a memory, and a touch screen, comprising:

a) determining without any input by a user that one or more different types of messages selected from the group consisting of a text message, an email, and a message from a messenger application have been received;

b) analyzing without any input by the user a content of the received text message, message from the messenger application, or email;

c) placing the received email, message from the messenger application, or text message in a queue to be read aloud in order of receipt time;

d) informing the user without any input by the user that the received text message, message from the messenger application, or email has been received from a sender by reading aloud at least an identity of the sender;

e) allowing the user a time to take an affirmative action to stop reading aloud to the user a body of the received text message, message from the messenger application, or email; and

f) based on not receiving an input corresponding to the affirmative action from the user, reading aloud the body of the received text message, message from the messenger application, or email.

87.    Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '775 Patent in violation of 35 U.S.C. § 271(a) because Samsung makes, uses, offers for sale, sells, and/or imports certain products, including within this District, that perform the above method, including the Accused Instrumentalities.

88.    Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

89.    The Accused Instrumentalities satisfy all claim limitations of one or more of the claims of the '775 Patent, including at least claim 1, as shown in **Exhibit I**.

90.    Samsung has received notice and has had actual or constructive knowledge of the '775 Patent and the infringing nature of the Accused Instrumentalities since at least the service of this Complaint.

91.    Since having notice of the '775 Patent, through its actions, Samsung has indirectly infringed and continues to indirectly infringe the '775 Patent in violation of 35 U.S.C. § 271(b). Samsung has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users of the Accused Instrumentalities to directly infringe the '775 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Instrumentalities, and creating, disseminating, advertising, and promoting the use of the Accused Instrumentalities through software updates, promotional and marketing materials, product descriptions, supporting materials, operating manuals, technical information, and other instructions on how to implement and configure the Accused Instrumentalities with knowledge and the specific intent that its efforts

will result in the direct infringement of the '775 Patent.

92.    Samsung engages in the aforementioned actions knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '775 Patent, thereby specifically intending for and inducing its customers to infringe the '775 Patent through the customers' normal and customary use of the Accused Instrumentalities.

93.    In addition, Samsung has indirectly infringed and continues to indirectly infringe the '775 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities, and advertising and/or pushing software updates for the Accused Instrumentalities, with knowledge that the Accused Instrumentalities and software updates thereto are especially designed or adapted to operate in a manner that infringes the '775 Patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

94.    For example, Samsung is aware that the technology described above included in the Accused Instrumentalities enables the product to operate as described above and that such functionality infringes the '775 Patent, including claim 1. Samsung continues to sell and offer to sell these products in the United States after receiving notice of the '775 Patent and how the products' functionality infringe that patent.

95.    The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '775 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

96.    On information and belief, Samsung's infringement of the '775 Patent is and has

been willful and deliberate.

97.     MessageLoud has suffered damages as a result of Samsung's direct and/or indirect infringement of the '775 Patent in an amount adequate to compensate for Samsung' infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

**COUNT 5**
(Infringement of the '964 Patent)

98.     MessageLoud repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

99.     On April 26, 2022, the United States Patent and Trademark Office duly and legally issued the '964 Patent entitled "Method and System for Communication."

100.     MessageLoud is the owner of all rights, title, and interest in and to the '964 Patent, including the right to assert all causes of action arising under the '964 Patent and the right to any remedies for the past, current, and future infringement of the '964 Patent.

101.     Samsung is not licensed under the '964 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '964 Patent whatsoever.

102.     Claim 1 of the '964 Patent recites:

1. A computer implemented method to be carried out with a processor, a memory, and a speaker, comprising:

a) determining without any input by a user that one or more different types of messages selected from the group consisting of a text message, an email, and a message from a messenger application have been received;

b) analyzing, without any input by the user a content of the received text message, message from the messenger application, or email;

c) placing the received email, message from the messenger application, or text message in a queue to be read aloud in order of receipt time;

d) informing the user through the speaker without any input by the user that

the received text message, message from the messenger application, or email has been received from a sender by reading aloud at least an identity of the sender;

e) allowing the user a time to take an affirmative action to stop reading aloud to the user a body of the received text message, message from the messenger application, or email

f) based on not receiving an input corresponding to the affirmative action from the user, reading aloud the body of the received, text message, message from the messenger application, or the email and

g) allowing the user an option to stop the reading aloud of the received text message, the message from the messenger application, or the email.

103.    Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '964 Patent in violation of 35 U.S.C. § 271(a) because Samsung makes, uses, offers for sale, sells, and/or imports certain products, including within this District, that perform the above method, including the Accused Instrumentalities.

104.    Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

105.    The Accused Instrumentalities satisfy all claim limitations of one or more of the claims of the '964 Patent, including at least claim 1, as shown in **Exhibit J**.

106.    Samsung has received notice and has had actual or constructive knowledge of the '964 Patent and the infringing nature of the Accused Instrumentalities since at least the service of this Complaint.

107.    Since having notice of the '964 Patent, through its actions, Samsung has indirectly infringed and continues to indirectly infringe the '964 Patent in violation of 35 U.S.C. § 271(b). Samsung has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users of the Accused Instrumentalities to directly infringe the '964 Patent by, among other things, disseminating,

manufacturing, distributing, importing, and maintaining the Accused Instrumentalities, and creating, disseminating, advertising, and promoting the use of the Accused Instrumentalities through software updates, promotional and marketing materials, product descriptions, supporting materials, operating manuals, technical information, and other instructions on how to implement and configure the Accused Instrumentalities with knowledge and the specific intent that its efforts will result in the direct infringement of the '964 Patent.

108.    Samsung engages in the aforementioned actions knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '964 Patent, thereby specifically intending for and inducing its customers to infringe the '964 Patent through the customers' normal and customary use of the Accused Instrumentalities.

109.    In addition, Samsung has indirectly infringed and continues to indirectly infringe the '964 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Instrumentalities, and advertising and/or pushing software updates for the Accused Instrumentalities, with knowledge that the Accused Instrumentalities and software updates thereto are especially designed or adapted to operate in a manner that infringes the '964 Patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

110.    For example, Samsung is aware that the technology described above included in the Accused Instrumentalities enables the product to operate as described above and that such functionality infringes the '964 Patent, including claim 1. Samsung continues to sell and offer to sell these products in the United States after receiving notice of the '964 Patent and how the products' functionality infringe that patent.

111.    The infringing aspects of the Accused Instrumentalities can be used only in a manner that infringes the '964 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

112.    On information and belief, Samsung's infringement of the '964 Patent is and has been willful and deliberate.

113.    MessageLoud has suffered damages as a result of Samsung's direct and/or indirect infringement of the '964 Patent in an amount adequate to compensate for Samsung' infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## FEES AND COSTS

114.    To the extent that Defendants' willful and deliberate infringement or litigation conduct supports a finding that this is an "exceptional case," an award of attorney's fees and costs to MessageLoud is justified pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, MessageLoud requests entry of judgment in its favor and against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. as follows:

a)    Declaring that Samsung has directly infringed the Patents-in-Suit, and/or induced the infringement of the Patents-in-Suit;

b)    Declaring that Samsung has willfully infringed and continues to infringe the Patents-in-Suit;

c)      Awarding MessageLoud damages, in an amount no less than a reasonable royalty, arising out of Samsung's infringement of the Patents-in-Suit, including damages for any continuing post-verdict infringement through entry of final judgment, in an amount according to proof;

d)      Awarding MessageLoud the trebling of any and all damages awarded to MessageLoud by reason of Samsung's willful infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 284;

e)      Awarding MessageLoud pre-judgment and post-judgment interest, in an amount according to proof;

f)      Awarding MessageLoud a compulsory ongoing royalty, in an amount according to proof;

g)      Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

h)      Awarding such other costs and further relief as the Court may deem just and proper.


Dated: May 5, 2025                                          BOCHNER PLLC

                                                            */s/ Craig, L. Uhrich*
                                                            Craig, L. Uhrich (24033284)
                                                            Serge Krimnus (*pro hac vice* forthcoming)
                                                            Ariel Reinitz (*pro hac vice* forthcoming)
                                                            1040 Ave. of the Americas, 15th Floor
                                                            New York, NY 10018
                                                            (646) 971-0685
                                                            craig@bochner.law
                                                            serge@bochner.law
                                                            ariel@bochner.law

                                                            *Attorneys for Plaintiff*